FILED
SCRANTON

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA  JAN 1 7 2006

PER _____
DEPUTY CLERK

OLABIYI MOHAMMED-BLAIZE, :
:
    Petitioner, :
:
        vs. :
:
U.S. ATTORNEY GENERAL, :
ET AL :
    Respondents :

**CIVIL ACTION NO. 3:05-2083**

(JUDGE NEALON)
(MAGISTRATE JUDGE SMYSER)

## ORDER

Petitioner, an inmate currently incarcerated at USP-Canaan, Pennsylvania,

filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on

October 12, 2005. (Doc. 1). He also filed a memorandum of law with the petition.

(Doc. 2). Petitioner asserts that he was tried and convicted in the United States

District Court for the Eastern District of New York in 2003 for illegal reentry into the

United States. He maintains in his petition that he received ineffective assistance of

counsel at trial, and his subsequent order of deportation premised upon that

conviction lacks due process protections guaranteed by the Fifth Amendment. A

response to the petition was filed on November 30, 2005 (Doc. 15), to which

Petitioner filed a Traverse on December 6, 2005 (Doc. 16). Petitioner also filed a

Motion for a Stay, seeking to enjoin his possible transfer to another institution (Doc.

9) and a Motion for Speedy Relief, requesting the court promptly address his petition (Doc. 14). Supplements to the petition were filed by both Respondents and Petitioner, respectively, on December 16, 2005 and December 23, 2005 (Docs. 17, 20)

On December 21, 2005, United States Magistrate Judge J. Andrew Smyser issued a Report and Recommendation on this matter (Doc. 18), recommending the petition be dismissed. Construing the § 2241 petition presently before the court as nothing more than a successive § 2255 motion, which cannot be sustained absent certification by the court of appeals, the Magistrate Judge recommended it be dismissed for lack of jurisdiction. Moreover, the district courts lack jurisdiction to entertain habeas petitions in cases "brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion[.]" *See* H.R. 1268, 109th Cong. (2005)(enacted), Pub.L.No. 109-13, Div.B, 119 Stat. 231. Rather, the proper venue for such petitions lies in the court of appeals for the judicial circuit in which the immigration judge completed petitioner's proceedings.

No objections were filed to the Magistrate Judge's Report and Recommendation. After careful review and in the exercise of sound judicial discretion, the court will adopt the Magistrate Judge's Report and Recommendation.

ACCORDINGLY, THIS ⎮7ᵗʰ DAY OF JANUARY, 2006, IT IS HEREBY ORDERED THAT:

(1)  The Report and Recommendation (Doc. 18) is ADOPTED.

(2)  The petition for writ of habeas corpus (Doc. 1) is DISMISSED.

(3)  The Motion for Stay (Doc. 9)  is DENIED.

(4)  The Motion for Speedy Relief (Dos. 14) is DISMISSED AS MOOT.

(5)  The Clerk of Court is directed to close this case.

(6)  The court concludes there is no basis for the issuance of a certificate of appealability.

United States District Judge

3